IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-50072
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RON MOORE,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CR-241-1
- - - - - - - - - - -
September 11, 1997
Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ron Moore appeals his conviction and sentence for conspiracy to distribute, aiding and abetting the distribution of, and distribution of, cocaine base. Moore asserts that there was a material and prejudicial variance between the indictment and the proof offered by the Government at trial, that the district court erred in including a one-kilogram quantity of crack cocaine in the drug-quantity used to determine his base offense level, and that the district court abused its discretion by denying his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for a continuance to examine the absence of African-Americans on the venire.

Moore has failed to establish that there was a variance between the indictment and the proof at trial that caused prejudice to his substantial rights. United States v. Pena-Rodriquez, 110 F.3d 1120, 1127-28 (5th Cir. 1997), petition for cert. filed, 65 U.S.L.W. 3839 (U.S. Jun. 13, 1997) (No. 96-1977). The district court did not clearly err by including the one-kilogram quantity of crack cocaine in the drug-quantity used to establish Moore's base offense level. See United States v. Davis, 76 F.3d 82, 85-86 (5th Cir. 1996) (district court may attribute to defendant the amount of an unconsummated transaction, if defendant intended to, and was reasonably capable of, producing that amount). Moore has not alleged or shown that he suffered "serious prejudice" as a result of the district court's denial of his motion for a continuance. See United States v. Alix, 86 F.3d 429, 434-35 (5th Cir. 1996). Moore has not established a prima facie violation of the fair-cross-section requirement. See Alix, 86 F.3d at 434. Accordingly, the district court did not abuse its discretion by denying Moore's motion for a continuance. See id.

Moore's conviction and sentence are AFFIRMED.